IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 116-021 |
| | ) | |
| VANIA LEE ALLEN | ) | |

**O R D E R**

Before the Court are the various pre-trial discovery motions filed by Defendant. Many (if not all) discovery issues should be addressed in full by the Court's rulings below and the liberal discovery policy that the government has confirmed it is applying in this case. Indeed, Defendant does not allege any specific inadequacies in the discovery provided by the government to date, and the government states that it has furnished Defendant's counsel with five CDs containing an electronic copy of the investigative file, written reports from the investigative agency, victim and witness statements, various telephone records, as well as various audio and video recordings, and other documents material to the case (attorney and agent work product excepted). (Doc. no. 27, p. 1.) All known statements by Defendant, as well as her criminal record, and the grand jury transcripts have also been provided. (Id. at 1, 2.)

To the extent, if any, either party believes there are specific inadequacies in the discovery exchanged to date that are not addressed below, the Court directs such party to confer in good faith with the opposing party and file, if necessary, a discovery motion and

supporting brief within seven days from the date of this Order.

## MOTION FOR DISCLOSURE OF
## EXCULPATORY AND IMPEACHING MATERIAL

Defendant seeks the disclosure of exculpatory and impeaching information in accordance with the principles of Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). (Doc. no. 22.) To some extent, Defendant's request exceeds the scope of the requirement in Brady for government disclosure of information that is favorable to a defendant and material to the issues of guilt or punishment. Brady, 373 U.S. at 87; United States v. Agurs, 427 U.S. 97 (1976). The Court **GRANTS** the motion to the extent that the government must provide all Brady material to Defendant within five days of the date it is received or its existence becomes known. The government must disclose impeaching information not less than fourteen days prior to trial.

## MOTION TO ALLOW PARTICIPATION IN VOIR DIRE

The Court **GRANTS** this motion. (Doc. no. 23.) Unless otherwise directed by the presiding District Judge, counsel must submit to the Court, not later than seven days prior to trial, a list of questions which they desire to ask prospective jurors.

## MOTION TO DISCLOSE BAD ACTS
## OR PRIOR CRIMES OF WITNESSES

Defendant seeks disclosure of prior criminal conduct and uncharged bad acts of witnesses. The Confrontation Clause guarantees defendants an opportunity to impeach the testimony of prosecution witnesses through cross examination. United States v. Maxwell, 579 F.3d 1282, 1295-96 (11th Cir. 2009); United States v. Yates, 438 F.3d 1307, 1318 (11th Cir. 2006) (*en banc*); United States v. Lyons, 403 F.3d 1248, 1255-56 (11th Cir. 2005); United States v. Baptista-Rodriguez, 17 F.3d 1354, 1370 (11th Cir. 1994). However, this

right is not unlimited.  Although Federal Rule of Evidence 608(b) allows cross examination of a witness as to specific instances of misconduct, the government does not have a duty to investigate each witness.  This Rule must also be construed to limit cross examination to those acts of conduct "which are probative of the witness's truthfulness or untruthfulness," such as forgery, bribery, misrepresentation, fraud, perjury, receipt of stolen property, robbery, and theft.  4-608 Weinstein's Federal Evidence § 608.22.  Moreover, the government has stated its intent to provide, one week prior to trial, rap sheets or criminal convictions of witnesses which the government learns about and which could properly be used for impeachment under Federal Rule of Evidence 609.  (Doc. no. 27, pp. 2, 5.)  Beyond the government's continuing duty to disclose under Brady v. Maryland, 373 U.S. 83 (1963), and the parameters discussed herein, Defendant's request for disclosure of prior crimes of witnesses is **DENIED**.  (Doc. no. 24.)

## MOTION FOR RECIPROCAL DISCOVERY

The government seeks reciprocal discovery from Defendant under Rule 16(b) of the Federal Rules of Criminal Procedure, including a written summary of any evidence Defendant intends to offer under Fed. R. Evid. 702, 703, or 705.  In light of the government's willingness to provide liberal discovery and the unopposed nature of the request, the Court **GRANTS** this motion, (doc. no. 28), and any information not yet furnished shall be provided to the government no later than fourteen days prior to trial.

SO ORDERED this 10th day of May, 2016, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA